UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TRACY HERTEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:10-CV-009 JD |
| | ) |
| MICHAEL DVORAK, *et al.*, | ) |
| | ) |
| Defendants. | ) |

OPINION AND ORDER

Tracy Hertel, a prisoner confined at the Miami Correctional Facility, filed a typewritten 122 page *pro se* complaint pursuant to 42 U.S.C. § 1983, containing 583 rhetorical paragraphs and naming thirty-one defendants. The Court screened the complaint pursuant to 28 U.S.C. § 1915A, allowed the Plaintiff to proceed on his damage claim against St. Joseph County Jail Property Officer Yolonda Miller-Lewis in her personal capacity on his First and Fourteenth Amendment claim that she destroyed his legal materials, thereby impeding his legal efforts to file a civil suit, and dismissed all other claims and defendants. The Plaintiff has now filed a 61 page amended and supplemental complaint containing 343 rhetorical paragraphs.

This matter is before the Court pursuant to its statutory screening obligation. *See* 28 U.S.C. § 1915A. Pursuant to § 1915A, the Court must review the merits of a prisoner complaint, including amended complaints, to determine if the complaint contains claims that are frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). Courts apply the same standard under §1915A as when addressing a motion under Fed. R. Civ. P. 12(b)(6), which provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief

can be granted. *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). More specifically, the United States Supreme Court has articulated the factual allegations that are required to survive dismissal

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and punctuation omitted). A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Id*. at 570. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556).

The Court must accept as true all well-pleaded facts and draw all permissible inferences in the Plaintiff's favor. *Whirlpool Fin. Corp. v. GN Holdings, Inc.*, 67 F.3d 605, 608 (7th Cir. 1995). However, the Court need not accept as true "[t]hreadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Ashcroft*, 129 S.Ct. at 1949. Legal conclusions can provide a complaint's framework, but unless well-pleaded factual allegations move the claims from conceivable to plausible, they are insufficient to state a claim. *Id.* at 1950-51. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)). "[D]etermining whether a

complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." *Id.* at 1950.

A plaintiff can also plead himself out of court if he pleads facts that preclude relief. *See Edwards v. Snyder*, 478 F.3d 827, 830 (7th Cir. 2007) (citing *McCready v. EBay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006)). A plaintiff "pleads himself out of court when it would be necessary to contradict the complaint in order to prevail on the merits." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1086 (7th Cir. 2008) (citation omitted). The Court must review a *pro se* plaintiff's complaint more liberally than it would a complaint that was drafted by a trained attorney. *See Norfleet v. Walker*, 684 F.3d 688, 690 (7th Cir. 2012) ("[C]ourts are supposed to analyze a litigant's claims and not just the legal theories that he propounds—especially when he is litigating pro se." (citations omitted)); *Jaros v. Illinois Dept. of Corrections*, 684 F.3d 667, 670 n.2 (7th Cir. 2012) (noting that a district court should ordinarily allow pro se plaintiffs to correct "pleading gaffes" by amendment); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *see also Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001).

The original complaint included claims against various individuals involved in Mr. Hertel's investigation, prosecution, imprisonment, and appeal. *See* DE 13. The Court dismissed the vast majority of these claims for a number of different reasons: some occurred before December 31, 2007, and thus were beyond the statute of limitations, some may only be brought if and when his

conviction has been vacated,[1] other were implausible, and still others were against defendants who were immune or not subject to suit under 42 U.S.C. § 1983 in the first place. The Court also dismissed, without prejudice, any state law claims against defendants who would no longer be part of this federal suit. The sole defendant remaining in this case from the original complaint is jail property officer Yolonda Miller-Lewis, and the Plaintiff's surviving claim deals with events that occurred while he was confined at the St. Joseph County Jail before he was transferred to the Indiana Department of Correction.

The Plaintiff's amended and supplemental complaint contains claims dealing with events that occurred at the St. Joseph County Jail, including more detailed allegations regarding Warden Julie Lawson's alleged involvement in the theft of Mr. Hertel's legal materials [DE 22 ¶¶ 784-839]. As discussed below, these new allegations are sufficient to state a claim against Ms. Lawson in both her personal and official capacities. The proposed amended and supplemental complaint also contains allegations against St. Joseph County Prosecutor Michael Dvorak related to events that occurred during the Plaintiff's criminal prosecution [DE 22 ¶¶ 584-686], and while he has been housed at Indiana Department of Correction facilities [DE 22 ¶¶ 687-732]; claims against Deputy Prosecutor Lynn Berndt, who is representing the state in Mr. Hertel's post-conviction proceedings [DE 22 ¶¶ 733-763]; claims against James Hoerstman and Susan Hancock who provided information to the

---

[1]The Court notes that in the first screening order it dismissed Mr. Hertel's Fourth Amendment claims arising from the allegedly illegal wiretap and search as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). The Court acknowledges that "Fourth Amendment claims as a group do not *necessarily* imply the invalidity of a criminal conviction, and so such claims are not suspended under the *Heck* bar to suit." *Dominguez v. Hendley*, 545 F.3d 585, 589 (7th Cir. 2008) (emphasis added) (citing *Wallace v. Kato*, 549 U.S. 384 (2007)). If these Fourth Amendment claims were not *Heck*-barred, however, neither would the statute of limitations be tolled while the *Heck* bar was in place. And because these claims occurred long before December 31, 2007, they are either barred by the statute of limitations or barred by *Heck*.

sentencing judge prior to Mr. Hertel's sentencing [DE 22 ¶¶ 764-783, and 860-874]; claims against Prosecutor Dvorak and his staff for abuse of process, libel, and slander [DE 22 ¶¶ 840-859]; claims against Mr. Hertel's criminal attorney, Philip Skodinski, [DE 22 ¶¶ 875-906]; and claims against Deputy Prosecutor Jennifer McKinney for improprieties during Mr. Hertel's trial and after his conviction [DE 22 ¶¶ 907-927]. None of the new allegations cure any of the defects that the Court identified in its initial screening order. First, the federal claims against Mr. Dvorak, Ms. Berndt, Ms. McKinney, and Mr. Skodinski are still barred by *Heck v. Humphrey*, 512 U.S. 477, 586–87 (1994)—despite his efforts, Mr. Hertel has not managed to have his conviction vacated, so any claim that would render that judgment invalid is not yet ripe.[2] Second, the Court has already held that Mr. Hoerstman and Ms. Hancock are entitled to quasi-judicial immunity, and nothing in the amended complaint affects that holding. Finally, since the amended complaint does not cure any federal claim against Mr. Dvorak and his staff, the Court has no occasion to reconsider its decision to decline jurisdiction over the supplemental state defamation claims.

The proposed amended and supplemental complaint contains a section entitled "Yolanda Miller Lewis — Julie Lawson" [¶¶ 784-826] and another section entitled "Yolanda Miller-Lewis - Julie Lawson - Delayed or Impeded Litigation" [¶¶ 827-839]. Both of these sections contain claims arising from his treatment at the St. Joseph County Jail, though these sections also contain unrelated

---

[2] Mr. Hertel's new assertion that post-conviction actions by prosecutors are not barred by *Heck* has no merit. As the Court explained in its earlier order when discussing Mr. Hertel's access to the courts claim against prison officials, the Seventh Circuit has held that § 1983 suits seeking money damages for interference with efforts to pursue postconviction relief *are* barred by *Heck*. *See Nance v. Vieregge*, 147 F.3d 589, 591 (7th Cir. 1998) ("The holding of *Lewis* that a claim based on deprivation of access to the courts requires proof of concrete injury, combined with the holding of *Heck*, means that a prisoner in [the plaintiff's] position must have the judgment annulled before damages are available for wrongful imprisonment."); *see also Hoard v. Reddy*, 175 F.3d 531 (7th Cir. 1999) (discussing application of *Heck* to claim that officials denied access to the courts to pursue state postconviction relief).

claims.

Paragraphs 784-789, 797-800, and 802-808 of the amended and supplemental complaint simply replead the claims against Defendant Miller-Lewis with more specificity. Accordingly, this Court will grant the Plaintiff's request to amend his claim against Defendant Miller-Lewis.

Paragraphs 809-12, 815-816, 818, and 820-823 of the Plaintiff's amended and supplemental complaint contain allegations against Jail Warden Julie Lawson. In his original complaint, Mr. Hertel presented a damage claim against Warden Lawson in both her individual and official capacity. His individual capacity claim asserted that Warden Lawson was deliberately indifferent to the Plaintiff's rights, while the official capacity claim asserted that Warden Lawson's failure to properly train Officer Miller-Lewis caused the loss of his legal materials. In its original screening order, the Court dismissed both claims: the individual capacity claim because there was no suggestion that Warden Lawson participated in or condoned Officer Miller-Lewis's alleged conduct and the official capacity claim because the Plaintiff's allegations were insufficient to support an official capacity damage claim.

In his amended and supplemental complaint, the Plaintiff repleads his claims against Warden Lawson in more detail. He now alleges that he and family members informed Warden Lawson of the theft of his legal material, and that he and other prisoners have informed her of the recurring problem of theft of legal work, but that Warden Lawson took no steps to correct either the specific incidents or the general problem. Based on these allegations, he asserts that Warden Lawson is liable in her personal capacity for condoning the theft of his legal work with her deliberate indifference, and liable in her official capacity for failing to train jail staff despite her knowledge that employees were routinely failing in their duty to uphold prisoners' constitutional rights. The Court will address

each claim in turn.

First, a person cannot be held liable for damages under § 1983 unless the person was personally involved in the alleged wrongdoing. "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through that official's own individual actions, has violated the Constitution." *Iqbal*, 129 S.Ct. at 1947. Thus, "supervisors who are merely negligent in failing to detect and prevent subordinates' misconduct are not liable . . . The supervisors must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see. They must in other words act either knowingly or with deliberate, reckless indifference." *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001) (marks and citations omitted). To prevail in his action, the Plaintiff will need to show that Warden Lawson was, indeed, aware of the theft of his legal materials and could have prevented or corrected the violation of his rights but deliberately chose to condone the violations. At this stage, however, giving the Plaintiff the benefit of the inferences to which he is entitled, Mr. Hertel's amended and supplemental complaint plausibly alleges that Warden Lawson was personally involved in depriving him of his right to access to court.

Second, turning to the official capacity claim: "An official-capacity suit is not a suit against the official as an individual; the real party in interest is the entity." *Wilson v. Civil Town of Clayton, Indiana*, 839 F.2d 375, 382 (7th Cir. 1988). Municipalities cannot be held liable for damages under § 1983 unless a governmental policy or custom caused the alleged violation of the plaintiff's rights. *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978). Accordingly, a plaintiff must establish the existence of an official policy or custom by proving the existence of an express municipal policy that caused the alleged violation of his rights, *Baxter v. Vigo County School Corp.*,

7

26 F.3d 728, 734 (7th Cir. 1994), or by establishing the existence of a practice or custom so widespread or persistent that it rises to the level of a policy which can fairly be attributed to the municipality. *Jett v. Dallas Independent School District*, 491 U.S. 701 (1989). To establish that the jail approved of the alleged widespread practice or custom, Mr. Hertel must show that Warden Lawson knew of the problem, yet did nothing to solve it. *Dye v. Wargo*, 253 F.3d 296, 299. (7th Cir. 2001).

At the summary judgment and trial stages of this proceeding, the Plaintiff will have the burden of establishing more than one instance of misconduct by Officer Miller-Lewis in order to establish a practice or custom that will support an official capacity damage award. *Williams v. Heavener*, 217 F.3d 529, 532 (7th Cir. 2000), citing *Calusinski v. Kruger,* 24 F.3d 931, 936 (7th Cir.1994) ("Ordinarily, one incident is not sufficient to establish a custom that can give rise to *Monell* liability"). But giving him the benefit of the inferences to which he is entitled at the pleadings stage, Mr. Hertel's amended and supplemental complaint contains sufficient allegations to state a plausible claim that the loss of his legal property resulted from a systemic problem at the jail, of which Warden Lawson was aware. Accordingly, the Court will grant the Plaintiff leave to proceed against Defendant Lawson for damages in her official capacity on his claim that the loss of his legal materials at the hands of Officer Miller-Lewis resulted from a custom or practice of which Warden Lawson was aware.

The Plaintiff's original complaint asserted that the loss of his legal materials at the hands of Defendant Miller-Lewis prevented him from being able to successfully challenge his convictions. The Court dismissed that claim without prejudice pursuant to the doctrine of *Heck v. Humphrey*, 512 U.S. at 481, which provides that if the remedy sought under § 1983 would require a finding or judgment that would render a conviction or sentence invalid, a § 1983 plaintiff must first "prove that

the conviction was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-487. In ¶¶ 827 through 839 of his amended and supplemental complaint, the Plaintiff repleads this claim and "expands the factual basis of this claim" [DE 22 ¶ 828]. But, as explained in its original screening order, this claim is barred by the *Heck* doctrine [DE 13 at 33-34], and nothing in the proposed amended complaint's expanded factual basis alters that result.

The portions of the proposed amended and supplemental complaint entitled "Yolanda Miller Lewis — Julie Lawson" and "Yolanda Miller-Lewis - Julie Lawson - Delayed or Impeded Litigation" also contain several paragraphs not related to Defendants Lawson and Miller-Lewis and the alleged loss of his legal materials at the jail. These include ¶¶ 790-795 and 813, which contain stray allegations against Attorney Skodinski;[3] ¶ 814, which deals with a letter he sent to St. Joseph Superior Court Judge Jerome Freese; ¶¶ 817 and 819 in which the Plaintiff states that another inmate

---

[3]In its initial screening order, the Court dismissed Mr. Hertel's claims that Mr. Skodinski provided substandard representation and conspired with prosecutors to obtain a conviction. It did so because public defenders generally do not act under color of state law, and even if the conspiracy claims were credible they would be barred by *Heck* for the same reasons as the claims against the prosecutors. The allegations in ¶¶ 790-795 and 813 claim that Mr. Skodinski informed the prosecutors that Mr. Hertel may have been preparing lawsuits against them for prosecutorial misconduct, but he does not allege that Skodinski conspired to deprive him of his access to the courts. And even if he had alleged this, any access to the courts claim related to Mr. Hertel's prosecutorial misconduct claims is premature because it is impossible to determine whether Mr. Hertel has been harmed by such an action unless and until the underlying conviction is reversed or vacated and the *Heck* bar is lifted.

was not allowed access to his legal work at the jail;[4] ¶ 824, in which the Plaintiff alleges that Warden Lawson's boyfriend or husband extorted sexual favors from female probationers; and ¶ 825 in which he alleges that under Warden Lawson's leadership "a group of custody staff lined up a group of prisoners at the County Jail and assaulted them with paintball gun loaded with 'pepperball or tear gas' for no legitimate reason."[5]

In ¶¶ 796 and 801 of his proposed amended and supplemental complaint, the Plaintiff seeks to tie Prosecutor Dvorak to the loss of his legal materials at the St. Joseph County Jail. In ¶ 801 he specifically "contends by information and belief that Ms. Miller-Lewis's theft of his legal work . . . was done at the direction, directly or indirectly, of Mr. Dvorak and his staff, or others under his control or supervision . . ." The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully" *Ashcroft*, 129 S.Ct. at 1949. "[D]etermining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." *Id.* at 1950. In a complaint with 927 paragraphs of detailed allegations, it is striking that the only other allegation that might explain why the Plaintiff believes (without

---

[4] The Plaintiff states that he includes the incidents involving "another inmate," Jeffery Smith, "as another 'legal paperwork specific' problem at the county jail, that denied access to the courts, and that was made clear to Ms. Julie Lawson . . ." [DE 22 ¶ 819]. But Mr. Hertel's claim is not that jail officials denied him access to his legal materials while he was at the jail; his claim is that Officer Miller-Lewis stole his legal materials pursuant to a custom or practice to which Warden Lawson acquiesced. What allegedly happened to Smith at the jail does not bear any relation to the Plaintiff's claims.

[5] The Court is familiar with this incident as it forms the basis for three complaints filed by former St. Joseph County jail inmates against Warden Lawson and other jail officials, *Dotson v. St. Joseph County Jail*, 3:09cv543; *Hill v. St. Joseph County Jail*, 3:10cv128; and *Winston v. Heath*, 3:10cv361. This incident occurred on October 8, 2008 [3:10cv128, DE 29 at 3]. Mr. Hertel was transferred from the jail to the Indiana Department of Correction on May 1, 2008, [DE 1 ¶ 503], so he was not at the jail when this incident occurred, he had no involvement in the incident, and it bears no relation to any of the claims in his amended and supplemental complaint.

knowing) that Mr. Dvorak ordered the theft of legal materials is that it is supposedly "reasonable to assume that Mr. Dvorak and his staff would like to avoid" a civil suit against him. In the circumstances presented here, the Court concludes that the Plaintiff's conclusory statement that Prosecutor Dvorak ordered the theft of his legal materials at the jail does not state a plausible claim against Mr. Dvorak.

For the foregoing reasons, the Court:

(1) GRANTS the Plaintiff leave to proceed on his damage claim against Yolonda Defendant Miller-Lewis in her personal capacity on his First and Fourteenth Amendment claim that she destroyed his legal materials, thereby impeding his legal efforts to file a civil suit [784-789, 797-800, and 802-808] and GRANTS him leave to proceed against Defendant Julie Lawson in her personal capacity for damages on his First and Fourteenth Amendment claim that she was deliberately indifferent to the theft of his legal materials and in her official capacity for damages on his First and Fourteenth Amendment claim that she allowed a custom and practice at the jail that resulted in the loss of the Plaintiff's legal materials [¶¶ 809-12, 815-816, 818, and 820-823];

(2) DISMISSES, pursuant to 28 U.S.C. § 1915A, all other claims and defendants as explained herein.

(3) Pursuant to 42 U.S.C. § 1997e(g)(2), ORDERS that Defendants Miller-Lewis and Lawson respond to the amended and supplemental complaint as provided for in the Federal Rules of Civil Procedure and AFFORDS the Defendants thirty days from the date of this order within which to file their response;

(4) DIRECTS the Marshals Service to effect service of process on Defendant Lawson, and DIRECTS the clerk's office to ensure that a copy of this order is served on her

along with the summons and amended and supplemental complaint; and

    (5) LIFTS the stay in this case.

    SO ORDERED.

    ENTERED:  October 16, 2012

                                                /s/ JON E. DEGUILIO
                                                Judge
                                                United States District Court