UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TRACY HERTEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:10-CV-009 JD |
| | ) |
| YOLANDA MILLER-LEWIS and | ) |
| JULIE LAWSON, | ) |
| | ) |
| Defendants. | ) |

## OPINION & ORDER

It is time for this protracted litigation to come to an end. But first, a brief summary is appropriate to explain from whence this case has come. Six years ago, Hertel sued 31 defendants in a 122-page complaint claiming, among other things, that defendants defamed and conspired against him, and violated a wide range of his rights guaranteed by the Constitution and federal statutes [DE 1]. After two extensive screening orders were issued [DE 13; DE 34], one of which concerned Hertel's lengthy amended complaint [DE 22], the case was whittled down to a single claim against Defendants Yolanda Miller-Lewis and Julie Lawson concerning an alleged violation of Hertel's right to access the courts.[1] Although Defendants filed two separate motions for summary judgment, those motions were denied with the Court explicitly noting that neither motion raised the issue of whether or not Hertel was hindered from pursuing a non-frivolous

---

[1] As recounted in the Court's previous orders, this claim concerns events that happened at the St. Joseph County Jail after Hertel voluntarily surrendered to the jail on April 16, 2008. At the time of his self-surrender, Hertel brought with him approximately forty pounds of "irreplaceable" legal paperwork that Hertel alleges he needed to file civil lawsuits. However, upon his transfer on May 1, 2008 to the Reception and Diagnostic Center for placement in the Indiana Department of Corrections, Yolonda Miller-Lewis (the jail's property manager), allegedly took Hertel's legal materials, to which Julie Lawson (the jail's warden) was allegedly complicit. The documents have never been returned.

legal claim [DE 141 at 19; DE 157 at 7]. In anticipation of trial, the Court *sua sponte* required Hertel to identify the exact underlying non-frivolous legal claims he intended to pursue with respect to his access to courts claim [DE 177]. *See Pratt v. Tarr*, 464 F.3d 730, 733 (7th Cir. 2006) ("the district judge on his own initiative can ask the plaintiff for a brief or memorandum explaining the legal basis of the plaintiff's claim."). Hertel was also directed to "specifically identify what papers were stolen (including a description of the contents of those papers) relative to each claim he identifies, and . . . explain how the loss of those papers negatively impacted that particular claim." *Id*. at 3.

On January 13, 2016, Hertel filed a pretrial brief [DE 180] explaining the underlying access claims he intends to pursue at trial and how those claims were impacted by Defendants' conduct. After liberally construing Hertel's *pro se*[2] filing, the Court detailed in a written order [DE 186] the reason why Hertel's access to courts claim was likely appropriate for summary ruling. In relevant part, the Court's order read as follows:

> Hertel's January 13, 2016 filing [DE 180] reveals that in an attempt to establish an underlying non-frivolous legal claim, he intends to pursue two distinct claims for ineffective representation provided by his prior public defender, Philip Skodinski. Specifically, Hertel argues that his "case within the case" focuses on the allegation that without his legal documents, he was hindered from suing Skodinski for: (1) failing to seek an appeal bond after Hertel was convicted in case 71D08-0409-FA-00096; and (2) ineffectively handling his direct appeal in case 71A05-0805-CR-00286 [DE 180 at 2, 10-17].[3]

---

[2]The Court has verified that Hertel wishes to proceed *pro se*, and would note that Hertel has evidenced an impressive capacity to do so.

[3]Although Hertel characterizes his claims against Skodinski as claims for breach of contract (so as to avoid the need for expert testimony, *see infra*), there is no doubt that these are substantively claims for legal malpractice, and therefore will be referred to as such. *See Am. Int'l Adjustment Co. v. Galvin*, 86 F.3d 1455, 1459 (7th Cir. 1996) (given that the alleged breach complained of is the failure to adhere to the appropriate standard of care, there is no difference

2

With respect to documents that would have supported his first claim, Hertel identified two letters between himself and Skodinski wherein Hertel directed Skodinski to request an appeal bond, and Skodinski then responded by indicating that he would do so. Ultimately, Skodinski did not request an appeal bond. Hertel argues that had Defendants not confiscated these letters, copies of which were allegedly not maintained by Skodinski, Hertel would have had a "much easier" cause of action to pursue against Skodinski.

With respect to documents that would have supported his second claim, throughout this litigation Hertel has never identified with specificity which additional documents he alleges were confiscated by Defendants, and he has only referred generically to the theft of his "legal paperwork," "material," "papers," "documents," and "documentary evidence." Moreover, Hertel has never explained how the loss of particular papers negatively impacted his claim that Skodinski ineffectively handled his direct appeal. This shortcoming itself may warrant dismissal of Hertel's second claim. *See, e.g.*, *Hossman v. Spradlin*, 812 F.2d 1019, 1022 (7th Cir. 1987) ("Appellant, in opposition to defendant's motion for summary judgment, could and should have stated with specificity exactly what materials he was deprived of and how such deprivation resulted in his being denied the meaningful access to the courts to which he is entitled").

But the bigger problem with Hertel's access to courts claim is that he has only asserted conclusory allegations that he was hindered from alleging his legal malpractice claims against Skodinski, and he has failed to show any constitutional detriment caused by the confiscation of his legal documents such that they were crucial or essential to a pending or contemplated case. *See Howland v. Kilquist*, 833 F.2d 639, 642-43 (7th Cir. 1987) ("We are . . . firmly of the opinion that, in order to proceed to trial and survive a motion for summary judgment, a plaintiff should be required, no matter how minimally, to allege some quantum of detriment caused by the challenged conduct of state officials resulting in the interruption and/or delay of plaintiff's pending or contemplated litigation.") (quoting *Hossman v. Spradlin*, 812 F.2d 1019, 1021-22, n. 2 (7th Cir. 1987)). In fact, it's questionable whether Hertel could ever make such a showing because his

---

between the tort and breach of contract claims—legal malpractice claims are governed by tort principles regardless of whether they are brought as a tort, a breach of contract, or both); *Shideler v. Dwyer*, 417 N.E.2d 281, 285-88 (Ind. 1981); *Keystone Distribution Park v. Kennerk, Dumas, Burke, Backs, Long & Salin*, 461 N.E.2d 749, 751 (Ind. Ct. App. 1984); *see also, Mills v. Hausmann-McNally, S.C.*, No. 1:13-CV-00044-SEB, 2015 WL 274174, at *8 (S.D. Ind. Jan. 21, 2015) ("Defendant has confused the general concept of 'duty' with the more specific, context-sensitive concept of a 'standard of care' . . . the standard of care expected of an attorney is the concrete application of his or her general duty to the facts at hand.") (internal citation and citation omitted).

contemplated malpractice claims could have been timely brought in the state tribunal at the time Hertel filed this § 1983 action on January 6, 2010.[4] But instead of proceeding on his malpractice action in state court and presenting the material facts based on his personal recollection without the aid of any of the confiscated documents, Hertel filed this federal right to access case.[5] *See Snyder*, 380 F.3d at 292 (Easterbrook, J., concurring) (noting that plaintiff is in the wrong judicial system, seeking the wrong relief, and his *pro se* status does not "excuse his failure to take the steps provided or required by the judicial system."). Because the timing of events suggest that Hertel had reasonably adequate opportunity to access remedies in state court, he would not have been denied access to the courts to bring forth his claims against Skodinski. *See Snyder*, 380 F.3d at 292 (Easterbrook, J., concurring) ("litigants have 'access' to the court when there are avenues to correct mistakes . . . [and] [a] forum that offers an opportunity to be heard before a decision becomes final provides due process of law."), *id*. at 294 (Kanne, J., concurring) ("the relief he now seeks on his federal constitutional access claim was obtainable in state court though other non-constitutional claims [against the original wrongdoer] . . . [and] where more than one avenue remained open for the recovery of monetary damages at the time of the filing of the constitutional access claim, Mr. Snyder was, *ipso facto*, not deprived of his constitutional right of access to the courts.").

      Although Hertel has cited several cases involving access to courts claims, those cases are distinguishable and do not support his having been denied access to a tribunal. For instance, this is not a case where a plaintiff *attempted to file* a lawsuit but the papers were repeatedly rejected or not returned, *see, e.g., Snyder v. Nolen*, 380 F.3d 279 (7th Cir. 2004), nor is this a case where a plaintiff *actually filed* a lawsuit and lost the suit because his stolen materials could not be produced to support his claims, *see, e.g., Thomson v. Washington*, 363 F.3d 969 (7th Cir.

---

[4]Hertel was convicted on January 31, 2008, self-surrendered on April 16, 2008, and received permission from the Indiana Court of Appeals to terminate Skodinski and proceed *pro se* on March 31, 2009. When Hertel filed this lawsuit on January 6, 2010, his statute of limitations had not run for a legal malpractice case alleging a failure to seek an appeal bond or the ineffective handling of his direct appeal. *See, e.g., Biomet, Inc. v. Barnes & Thornburg*, 791 N.E.2d 760, 765 (Ind. Ct. App. 2003) (noting that the statute of limitation for a claim of legal malpractice is two years) (citing Ind. Code 34-11-2-4).

[5]Publically available state judicial dockets, upon which this court may rely, reveal that Hertel never filed a civil lawsuit alleging legal malpractice against Skodinski. *Spaine v. Cmty. Contacts, Inc.*, 756 F.3d 542, 545 (7th Cir. 2014); *520 S. Michigan Ave. Associates, Ltd. v. Shannon*, 549 F.3d 1119, 1138, n. 14 (7th Cir. 2008) (A court may take judicial notice of state court dockets). However, given the age of Hertel's claims, it may be that there is not electronic access to some dockets, in which case Hertel would have to provide that information in an admissible form.

2004); *Brownlee v. Conine*, 957 F.2d 353, 354 (7th Cir. 1992). Again, it appears that Hertel never filed a civil lawsuit alleging legal malpractice against Skodinski, nor did Hertel attempt to file a malpractice action but was unconstitutionally prevented/delayed from doing so. And although Hertel argues that the confiscated documentation would have made it "easier" to pursue his claims against Skodinski [DE 180 at 13-14]—this fails to allege an injury of a constitutional magnitude. Thus, Hertel's bare assertions that he was hindered in pursuing his malpractice claims against Skodinski do not meet the burden of showing actual detriment, *see Howland v. Kilquist*, 833 F.2d 639, 643 (7th Cir. 1987) (mere assertion that defendants unreasonably interfered with attempts to conduct meaningful legal research resulted in an inability to adequately defend against an armed robbery charge and other pending litigation, without more, fails to meet burden of establishing detriment); *Hossman v. Spradlin*, 812 F.2d 1019, 1022 (7th Cir. 1987) (mere assertion that legal papers and law books were intentionally kept from state prisoner fails, without more, to demonstrate a constitutionally significant deprivation), especially when state court remedies were available to him. *See Snyder*, 380 F.3d at 292–94.

Because Hertel has yet to show how he was constitutionally hindered from filing a lawsuit against Skodinski in state court at the time he filed the instant federal action, **the Court is considering granting summary judgment in favor of Defendants on Hertel's access to courts claims**. As a result, the Court identifies this concern with the expectation that each party will have a full opportunity to respond and produce evidence. Fed. R. Civ. P. 56(f) ("[a]fter giving notice and a reasonable time to respond, the court may: . . . consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute."); *Simpson v. Merchants Recovery Bureau*, 171 F.3d 546, 549 (7th Cir. 1999) ("[w]hile not encouraged, a district court can enter summary judgment *sua sponte*," if the parties have proper notice that the court is considering granting summary judgment and have fair opportunity to present evidence in opposition). Because Hertel is proceeding *pro se*, the Court warns him that **without admissible documentary evidence such as affidavits (as distinct from argument) to support Hertel's having been denied access to the courts to sue Skodinski for legal malpractice at the time he filed this lawsuit, summary judgment may be granted for the Defendants with final judgment entered against Hertel**.[6] *See Williams v. Wahner*, 731 F.3d 731, 733 (7th Cir. 2013) (citations omitted) (noting that a warning that judgment may be granted for the defendant is required for *pro se* plaintiffs) . . . .

---

[6]The Court would note that Hertel has successfully defeated two motions for summary judgment by Defendants and certainly understands that judgment could be entered against him without presentation of his claims to a jury absent his submission of admissible evidence to dispute the facts noted in this Order.

[DE 186] (emphasis in original).

After being explicitly advised that Hertel faced summary ruling against him absent his submission of admissible documentary evidence to support his claim,[7] Hertel took advantage of his opportunity to respond and provided the Court with a signed declaration [DE 187] and a memorandum of law [DE 188] supporting his position that summary judgment should be denied. The Defendants chose not to respond.

Despite Hertel's diligent and respectable efforts, after viewing the evidence and drawing all reasonable inferences in Hertel's favor, summary judgment is appropriate here because there is no genuine dispute as to any material fact with respect to Hertel's not having been denied access to the courts to sue Skodinski for legal malpractice.[8] And thus, for the reasons that follow (and for the reasons stated in this Court's previous order, as incorporated herein), the Defendants are entitled to judgment as a matter of law. *See Whiting v. Wexford Health Sources, Inc.*, 839 F.3d 658, 661 (7th Cir. 2016); Fed. R. Civ. P. 56(a).

In short, Hertel's declaration provides little insight into how the Defendants prevented him from filing a complaint in state court at the time Hertel learned of Skodinski's alleged legal malpractice.[9] Hertel attests that the confiscated legal paperwork included two letters regarding

---

[7]In addition, the Court provided Hertel with a copy of Appendix C to the local rules which included the language of Federal Rules of Civil Procedure 56 and N.D. Ind. L.R. 56-1.

[8]The Court assumes that these are non-frivolous legal claims, although the Court notes that earlier this year the Indiana Court of Appeals denied Hertel's *pro se* attempt to contest his underlying felony drug convictions and Hertel has already served his sentence. *See Hertel v. State*, 59 N.E.3d 361 (Ind. Ct. App. 2016) (table).

[9]Even assuming Hertel was required to file a notice of tort claim form within 180 days of the date that his public defender failed to request an appeal bond or of the date Hertel discovered that he filed a deficient appellant brief, *see Myers v. Maxson*, 51 N.E.3d 1267, 1276-80 (Ind. Ct.

Skodinski's confirmed obligation to seek an appeal bond, various court filings, and copies of treatises concerning legal malpractice litigation that were unavailable in the law library—which, according to Hertel, were "required to prosecute an action against Skodinski." [DE 187]. Hertel explains that without these documents, he did not have a "fighting chance" to advance his case in state court. *Id*. In his memorandum, Hertel goes on to state that the documents taken by Defendants were "essential to presenting a viable legal malpractice lawsuit . . . [and] the ability to litigate in state court was effectively foreclosed" without them [DE 188]. Per Hertel, he should not be required to "exhaust" remedies provided in state court,[10] when such a lawsuit would have been "doomed" without the documentary evidence confiscated by Defendants. *Id*. Hertel advances these arguments despite noting that his malpractice claims were straightforward and certainly within the grasp of any layperson. *Id*.

The fatal shortcoming in Hertel's case is that the only harm alleged to have been suffered by Hertel is his *forecasted* unsuccessful state litigation. In other words, Hertel is convinced that had he sued Skodinski in state court for committing legal malpractice, then Hertel most likely would have lost because he did not have his supporting documentation and the aid of legal treatises. But no evidence or reasonable inference suggests that any of these documents were necessary to initiate the process of filing a complaint (or notice of tort claim form) setting forth a

---

App.), *transfer denied*, 54 N.E.3d 371 (Ind. 2016), the analysis remains unchanged because Hertel never indicates that the confiscation of his documents prevented him from filing the form and pursuing litigation.

[10]Hertel is correct that there is no requirement that a § 1983 claim must await an attempt to vindicate the same claim in state court. *See McNeese v. Board of Education*, 373 U.S. 668, 672 (1963). But the concern here is not whether Hertel should have brought his right-to-access constitutional claim in state court, but whether he was ever denied access when judicial remedies were available for him to pursue his state malpractice claims.

short plain statement of his state law malpractice claims. *See Trail v. Boys & Girls Clubs of Nw. Indiana*, 845 N.E.2d 130, 135 (Ind. 2006) (citing Indiana Trial Rule 8(A)); *see also* Ind. Code 34-14-3-10 (requirement of a tort claim form). Nor has Hertel indicated that the Defendants' actions actually caused him to lose the opportunity to sue, to miss making a timely filing/mailing, or to have suffered dismissal of legitimate claims because of the denial of reasonable access to his legal documents. Thus, the prejudice as described by Hertel is only speculative. And speculative prejudice is not prejudice as required to show a constitutional violation. *See Christopher v. Harbury*, 536 U.S. 403, 414-15 (2002) (noting that with this type of "backward-looking" claim, a plaintiff must describe the underlying litigation that he lost because of the illegal interference). The relief Hertel now seeks on his federal constitutional access claim was obtainable in state court through other non-constitutional claims. Thus, it goes without saying that if nothing actually hindered Hertel's efforts from pursuing (presumably non-frivolous) legal malpractice claims against Skodinski, then he could not have suffered any injury at the hands of these Defendants.[11] *See, e.g, Musgrove v. Detella*, 74 F. App'x 641, 645 (7th Cir. 2003) (holding that the district court properly granted the defendants Rule 50(a) motion because plaintiff had no evidence of actual injury, and plaintiff could have filed a suit even without the missing documents).

Though the pleading standard for *pro se* litigants is liberal, it is not without its limits and it does not abrogate the basic evidentiary burdens essential on summary judgment in *pro se* suits.

---

[11] The Court's previous denial of summary judgment with respect to any official policy or custom for which the municipality could be held liable assumed that Hertel could show actual injury. Since Hertel has not come forward with evidence of any constitutional injury, any claim against the municipality is also defeated. *See, e.g., Jones v. City of Elkhart, Ind.*, 737 F.3d 1107, 1115 (7th Cir. 2013).

A factual dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). As the Supreme Court explained in *Lewis v. Casey*, 518 U.S. 343, 349-53 (1996), and reiterated in *Christopher*, 536 U.S. at 415, a prisoner claiming that he was denied access to the courts must prove that he suffered an actual injury by showing that unjustified acts or conditions hindered his ability to pursue a non-frivolous legal claim. Because no jury could find that Hertel suffered an injury of a constitutional magnitude concerning the malpractice claims he could have brought, summary judgment is GRANTED for the Defendants with final judgment entered against Hertel.

SO ORDERED.

ENTERED: December 22, 2016

/s/ JON E. DEGUILIO
Judge
United States District Court